IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BART A. GARBER,                            No. CIV S-09-3168-MCE-CMK

      Plaintiff,

  vs.                                      <u>ORDER</u>

DALE T MERICLE, et al.,

      Defendants.

_____/

      Plaintiff, a former state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is Plaintiff's complaint (Doc. 1).

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. <u>See</u> 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. <u>See</u> 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. <u>See</u> <u>McHenry v. Renne</u>, 84 F.3d 1172,

1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff alleges general systemic defects in the medical treatment he received while incarcerated.  While he names numerous defendants, he fails to allege specific facts relating to most of the named defendants.  What is clear from his complaint is that after numerous delays, apparently due to several transfers between different facilities, Plaintiff had surgery on his leg.  Following the surgery, defendant Dickenson failed to follow physician instructions regarding changing the dressing causing damage to Plaintiff's new skin graft.  He also makes several general and vague allegations about being denied medical treatment and pain medication.

## II. DISCUSSION

As stated above, Federal Rule of Civil Procedure 8 requires a complaint contain a short and plain statement of Plaintiff's claim.  Here, Plaintiff's complaint refers to attached documents which purportedly support the allegations against the defendants.  This pleading method does not, however, satisfy the requirement of Rule 8(a) that claims must be stated simply, concisely, and directly.  To the contrary, Plaintiff's complaint would require the court to comb through his exhibits to find factual support for his vague allegations.  The court is unwilling to do this in part due to limited judicial resources but also because it is for Plaintiff – not the court – to formulate his claims

/ / /

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

///

1    Deliberate indifference to a prisoner's serious illness or injury, or risks of serious
2 injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at
3 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental
4 health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982). An injury or illness is
5 sufficiently serious if the failure to treat a prisoner's condition could result in further significant
6 injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d
7 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).
8 Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition
9 is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily
10 activities; and (3) whether the condition is chronic and accompanied by substantial pain. See
11 Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

12   The requirement of deliberate indifference is less stringent in medical needs cases
13 than in other Eighth Amendment contexts because the responsibility to provide inmates with
14 medical care does not generally conflict with competing penological concerns. See McGuckin,
15 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to
16 decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.
17 1989). The complete denial of medical attention may constitute deliberate indifference. See
18 Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical
19 treatment, or interference with medical treatment, may also constitute deliberate indifference.
20 See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also
21 demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

22   Negligence in diagnosing or treating a medical condition does not, however, give
23 rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 106. Moreover, a
24 difference of opinion between the prisoner and medical providers concerning the appropriate
25 course of treatment does not give rise to an Eighth Amendment claim. See Jackson v. McIntosh,
26 90 F.3d 330, 332 (9th Cir. 1996).

Here, at best, Plaintiff's states a claim against defendant Dickenson for deliberate indifference to his medical condition. Plaintiff alleges that defendant Dickenson failed to comply with physician orders in changing the dressing on his wound, which caused further injury to his skin graft. Plaintiff also refers to several appointments he had with numerous medical providers over the years, some of whom apparently provided adequate treatment and others who failed to do what Plaintiff was requesting. Either way, Plaintiff's vague allegations are insufficient to state a claim. Differing opinions are not enough to violate a prisoner's Eighth Amendment rights.

Plaintiff also names numerous individuals as defendants, but fails to make any allegations against them. As stated above, Plaintiff must set forth specific factual allegations as to how each named defendant violated his constitutional rights. He fails to do so. In addition, he names several supervisory defendants, including wardens and the Chief Medical Officers of several prisons. However, supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See id. The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the

official's own individual actions, has violated the constitution." Iqbal, 129 S. Ct. at 1948. Accordingly, simply naming the supervisors as defendants, without more, is insufficient.

### III.  CONCLUSION

Based on the above, the undersigned concludes that Plaintiff's complaint is sufficient to state a claim against defendant Dickenson only.  However, because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Therefore, if Plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 15-220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Plaintiff is reminded that Rule 8 requires a short, plain, concise statement of his claim.  Attaching numerous exhibits to a complaint, and reference thereto, is an insufficient pleading method.

However,  Plaintiff need not file an amended complaint to proceed in this action. Because the complaint appears to state a cognizable claim against defendant Dickenson, if no amended complaint is filed within the time allowed therefor, the court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

///

Accordingly, IT IS HEREBY ORDERED that plaintiff may file an amended complaint within 30 days of the date of service of this order.

DATED: May 6, 2010

*Craig M. Kellison*
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE