IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BART A. GARBER, | No. CIV S-09-3168-MCE-CMK |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| R. DICKINSON, | |
| Defendant. | |
| _____/ | |

      Plaintiff, who is proceeding pro se, brings this civil action. Based on the discussion below, the undersigned finds it appropriate to dismiss this action for plaintiff's lack of prosecution and failure to comply with court rules and orders.

      On June 23, 2010, the court issued an order determining that service of the complaint is appropriate. That order required plaintiff to submit to the United States Marshal, within 15 days of the date of service of the order, a completed summons and copies of the complaint, and file a statement with the court within 20 days that said documents have been submitted. Plaintiff was warned that failure to comply may result in dismissal of this action for lack of prosecution and failure to comply with court rules and orders. See Local Rule 11-110.

/ / /

1   A scheduling conference was set for and heard on October 28, 2010. Plaintiff appeared for the scheduling conference, but as service had not been completed, there was no appearance for the defendant. The scheduling conference was continued to December 1, 2010, and Plaintiff was ordered to file a scheduling conference statement on or before November 24, 2010. In addition to the scheduling conference statement, plaintiff was ordered to provided the court with an update as to the status of service and his submission of the service documents to the United States Marshal. Plaintiff failed to comply with either order, and failed to appear at the December 1, 2010, scheduling conference. In addition, service on the defendant has not been completed.

The court must weigh five factors before imposing the harsh sanction of dismissal. See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987). Those factors are: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor. See Malone, 833 F.2d at 132-33 & n.1. The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay. See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986). Dismissal has also been held to be an appropriate sanction for failure to comply with an order to file an amended complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

Having considered these factors, and in light of plaintiff's failure to prosecute this case as directed, the court finds that dismissal of this action is appropriate. Plaintiff failed to file a scheduling conference statement, failed to inform the court as to the status of service, and failed to appear at the scheduling conference as ordered. In addition, service on the defendant has not

1  been completed, and more than 120 has passed since the court authorized service.  See Fed. R.
2  Civ. Proc. 4(m).
3         Based on the foregoing, the undersigned recommends that this action be
4  dismissed, without prejudice, for lack of prosecution and failure to comply with court rules and
5  orders.
6         These findings and recommendations are submitted to the United States District
7  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days
8  after being served with these findings and recommendations, any party may file written
9  objections with the court.  Responses to objections shall be filed within 14 days after service of
10 objections.  Failure to file objections within the specified time may waive the right to appeal.
11 See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 8, 2010

                                                    **CRAIG M. KELLISON**
                                                    UNITED STATES MAGISTRATE JUDGE